IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JAMES RIVER COAL COMPANY, *et al.*[1], | ) Case No. 303-04095 |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) Judge Harrison |
| --------------------------------------------------- | ) |
| ANTHONY H.N. SCHNELLING, as | ) Adversary No. 05-_____ |
| Trustee of The JRCC Unsecured Creditor | ) |
| Liquidating Trust, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FREEDOM INDUSTRIES, | ) |
| | ) |
| and | ) |
| | ) |
| FREEDOM INDUSTRIES, INC. | ) |
| | ) |
| | ) |
| Defendant(s). | ) |

**COMPLAINT (I) TO AVOID PREFERENTIAL TRANSFERS
PURSUANT TO 11 U.S.C. § 547, (II) TO RECOVER PREFERENTIAL
TRANSFERS PURSUANT TO 11 U.S.C. § 550, AND (III)
TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502(d)**

Now comes Anthony H.N. Schnelling, as Trustee (the "Trustee" or "Plaintiff") of The JRCC Unsecured Creditor Liquidating Trust (the "Creditor Trust"), by and through the undersigned counsel, and for his Complaint (I) to Avoid Preferential Transfers Pursuant to 11

---

[1] The Debtors are the following entities: James River Coal Company and twenty-one of its subsidiaries and affiliates: James River Coal Sales, Inc.; James River Coal Service Company; Leeco, Inc.; Leeco Processing Company; BDCC Holding Co., Inc.; Blue Diamond Export Company; Eolia Resources, Inc.; Blue Diamond Coal Company; Leatherwood Processing Company; Bledsoe Coal Corporation; Shamrock Coal Company, Inc.; Bledsoe Processing Company; Johns Creek Elkhorn Coal Corporation; McCoy Elkhorn Coal Corporation; Pike County Resources, Inc.; Primary Energies Corporation; Johns Creek Processing Company; Bell County Coal Corporation; Hignite Processing Company; Bledsoe Coal Leasing Company; and Johns Creek Coal Company.

U.S.C. § 547, (II) to Recover Preferential Transfers Pursuant to 11 U.S.C. § 550, and (III) to Disallow Claims Pursuant to 11 U.S.C. § 502(d), states as follows:

## THE PARTIES

1. James River Coal Company and all of its affiliated debtors identified above (collectively, the "Debtors") commenced their respective reorganization cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code") on March 25, 2003 (the "Petition Date").[2]

2. The Debtors are corporations organized under the laws of various states, including Kentucky, Virginia, and Tennessee. James River Coal Company, the direct or indirect parent of the other Debtors, is a corporation organized and existing under the laws of the Commonwealth of Virginia ("James River").

3. On April 22, 2004, the Court entered an order, docket no. 726 (the "Confirmation Order") confirming the Debtors' Second Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code (the "Plan").

4. The Plan and Confirmation Order, among other things, authorized the establishment of the Creditor Trust and assigned certain litigation causes of action to the Creditor Trust, including those set forth in this Complaint.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157 and the General Order of Reference entered under that statute by the United States District Court for the Middle District of Tennessee, sections 547, 550, and 1142 of the Bankruptcy Code, and Article VII and Section 7.1(b) of the Plan.

---

[2] The Petition Date was March 21, 2003, solely for the Debtor Johns Creek Coal Company.

6. This is a core proceeding under some or all of the provisions contained in 28 U.S.C. §§ 157(b)(2)(A), (B), (C), (E), (F), and (O).

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BACKGROUND

8. Prior to commencing the Bankruptcy Cases, James River was a holding company that conducted all of its operations through its subsidiaries and affiliates. James River and its subsidiaries and affiliates provided, processed, and sold bituminous, low sulfur coal of steam and industrial grades.

9. Upon information and belief, the above-captioned Defendant(s) (collectively, the "Defendant") provided goods and/or services to one or more of the Debtors.

## GENERAL ALLEGATIONS

10. During the ninety days prior to the Petition Date (the "Preference Period"), one or more of the Debtors made one or more transfers (the "Transfers") of property of the Debtors to or for the benefit of the Defendant, which Transfers total at least $80,019.22. A detailed listing of the Transfers is attached hereto as Exhibit A.[3] The Transfers were for payment of antecedent debt for goods and/or services rendered to the Debtors.

11. The Defendant may have received additional Transfers, which Plaintiff may learn about during the discovery process.

## COUNT I
### (To Avoid Preferential Transfers Pursuant to 11 U.S.C. § 547)

12. The Trustee incorporates by reference, as if fully stated herein, each and every allegation contained in paragraphs 1 through 11 of this Complaint.

---

[3] Exhibit A attached hereto lists each known transfer made by the Debtors during the Preference Period. The Co-ID column of Exhibit A indicates which Debtor entity made the relevant transfer. A chart indicating which Co-ID number stands for each Debtor entity is attached hereto as Exhibit B.

13. Pursuant to the Plan, the Plaintiff is authorized to seek the avoidance of the Transfers under section 547(b) of the Bankruptcy Code.

14. Within the Preference Period, one or more of the Debtors made the Transfers of property of the Debtors to or for the benefit of the Defendant, in the amount of at least $80,019.22.

15. At the time that the Transfers were made to or for the benefit of the Defendant, the Defendant was a creditor of the Debtors.

16. The Transfers were made in payment for or on account of an antecedent debt owed to the Defendant by the Debtors before the Transfers were made.

17. At the time that the Transfers were made to the Defendant, the Debtors were insolvent.

18. As a result of the Transfers, the Defendant received more than it would have received if these cases were cases under chapter 7 of the Bankruptcy Code, if the Transfers had not been made, and if the Defendant received a distribution in respect of the underlying debt to the extent provided by the provisions of the Bankruptcy Code.

19. The Transfers to the Defendant are avoidable pursuant to Bankruptcy Code section 547(b).

## COUNT II
**(To Recover Avoided Transfers Pursuant to 11 U.S.C. § 550)**

20. The Trustee incorporates by reference, as if fully stated herein, each and every allegation contained in paragraphs 1 through 19 of this Complaint.

21. Pursuant to the Plan, the Plaintiff is authorized to recover the Transfers under section 550 of the Bankruptcy Code.

22. Pursuant to section 550 of the Bankruptcy Code, the Plaintiff is entitled to recover for the Creditor Trust any of the Transfers or their value to the extent the Transfers are avoided under section 547 of the Bankruptcy Code.

23. The Plaintiff is entitled to recover from the Defendant pre-judgment interest and post-judgment interest at the applicable rates.

24. Any judgment entered in favor of the Plaintiff should include allowable costs and expenses.

### COUNT III
### (To Disallow Claims Pursuant to 11 U.S.C. § 502(d))

25. The Trustee incorporates by reference, as if fully stated herein, each and every allegation contained in paragraphs 1 through 24 of this Complaint.

26. To the extent that the Transfers are avoided pursuant to section 547 of the Bankruptcy Code, any claim or claims of the Defendant asserted against the Debtors, or their estates, are subject to mandatory disallowance pursuant to section 502(d) of the Bankruptcy Code, unless or until the aggregate amounts of the Transfers subject to avoidance or recovery are turned over to the Creditor Trust.

WHEREFORE, the Trustee respectfully requests that the Court enter judgment against the Defendant as follows:

(a) avoiding the Transfers to the Defendant as preferential transfers pursuant to section 547 of the Bankruptcy Code;

(b) ordering that judgment be entered in favor of the Trustee and against the Defendant in the amount of the Transfers, plus pre-judgment interest, post-judgment interest, and costs of suit;

(c) directing the Defendant to pay immediately to the Trustee cash in the amount of such judgment pursuant to section 550 of the Bankruptcy Code; and

(d) ordering that any claim asserted by the Defendant against the Debtors be disallowed unless or until the Defendant pays any such judgment in full pursuant to section 502(d) of the Bankruptcy Code.

Respectfully submitted,

/s/ Daniel H. Puryear
Sean D. Malloy (OH 0073157)
Glenn D. Southworth (OH 0062324)
Sherri L. Dahl (OH 0073621)
Beth E. Hansen (OH 0073467)
McDonald Hopkins Co., LPA
600 Superior Avenue, East
Suite 2100
Cleveland, Ohio 44114
Phone: (216) 348-5400
Fax: (216) 348-5474
E-mail: smalloy@mcdonaldhopkns.com
gsouthworth@mcdonaldhopkins.com
sdahl@mcdonaldhopkins.com
bhansen@mcdonaldhopkins.com

and

Daniel H. Puryear (No. 18190)
David Anthony (No. 19951)
Smythe & Puryear
144 Second Avenue, North
The Pilcher Building, Suite 333
Nashville, TN 37201
Phone: (615) 255-4849
Fax: (615) 255-4855
E-mail: dpuryear@smythepuryear.com
danthony@smythepuryear.com

Attorneys for Plaintiff

# FREEDOM INDUSTRIES
## Preference Period Payments

| Payment Date | Payment Cleared Date | Payment Amount | Payment Number | Vendor | Payment Type | Co ID |
|---|---|---|---|---|---|---|
| 2/14/2003 | 2/20/2003 | $37,142.05 | 1025237 | FREEDOM INDUSTRIES | CHK | CO37 |
| 12/17/2002 | 2/4/2003 | $22,958.65 | 1052760 | FREEDOM INDUSTRIES | CHK | CO60 |
| 2/14/2003 | 2/20/2003 | $10,137.32 | 1105860 | FREEDOM INDUSTRIES | CHK | CO60 |
| 2/14/2003 | 2/20/2003 | $9,781.20 | 905561 | FREEDOM INDUSTRIES | CHK | CO61 |
| | **Total Payments:** | $80,019.22 | | | | |

| Co. ID | Debtor Entity |
|---|---|
| CO34 | James River Coal Company |
| CO36 | James River Coal Sales, Inc. |
| CO37 | McCoy Elkorn Coal Corporation |
| CO39 | Bell County Coal Corporation |
| CO40 | Johns Creek Elkhorn Coal Corporation |
| CO51 | Pike County Resources, Inc. |
| CO60 | Bledsoe Coal Corporation |
| CO61 | Leeco Processing Company |
| CO64 | James River Coal Service Company |
| CO65 | Bledsoe Coal Leasing Company |
| CO70 | Blue Diamond Coal Company |

**EXHIBIT B**